THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>CONTINENTAL TIRE NORTH AMERICA<br><br>    Defendant. | CIVIL ACTION NO. __1:17cv1__ (GBL/TCB)<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Symbology Innovations, LLC ("Plaintiff" or "Symbology Innovations") files this complaint against Defendant Continental Tire North America ("Defendant" or "Continental Tire") for infringement of U.S. Patent Nos. 7,992,773 (the "`773 Patent", attached as Exhibit A), 8,424,752 (the "`752 Patent", attached as Exhibit B), 8,651,369 (the "`369 Patent", attached as Exhibit C) and 8,936,190 (the "`190 Patent", attached as Exhibit D) (collectively, the "Asserted Patents") and alleges as follows:

1. This is an action for damages, attorney's fees, costs, and for further relief based on patent infringement under 35 U.S.C. § 271.

## PARTIES

2. Plaintiff Symbology Innovations is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

3. On information and belief, Defendant Continental Tire is a Delaware Corporation with its principal office located at 1830 Macmillan Park Drive, Fort Mill, South Carolina 29707. Upon information and belief, Defendant may be served with process at the same address.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § 271 et seq. Plaintiff is seeking damages, as well as attorney fees and costs.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

6. The exercise of personal jurisdiction in the Commonwealth of Virginia is proper because acts giving rise to Plaintiff's cause of action have occurred in Virginia. More specifically, Defendant has conducted business in the Commonwealth of Virginia, and/or has engaged in continuous and systematic activities in the Commonwealth of Virginia and is inducing infringement within the Commonwealth of Virginia.

7. Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Commonwealth of Virginia.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because a substantial part of the events or omission giving rise to the claims occurred in this District in that on information and belief, Defendant has committed acts of infringement in this District and/or has caused acts of infringement to occur in this District.

## BACKGROUND

### `773 Patent

9. On August 9, 2011, the United States Patent and Trademark Office ("USPTO") duly and legally issued the `773 Patent, entitled "System and Method for Presenting Information About an Object on a Portable Electronic Device" after the USPTO completed a full and fair examination.

10. Symbology Innovations is currently the owner of the `773 Patent, having received all right, title and interest in, and to, the `773 Patent from the previous assignee of record.

11. Symbology Innovations possesses all rights of recovery under the `773 Patent, including the exclusive right to recover for past, present and future infringement.

12. The `773 Patent contains eighteen claims including three independent claims (claims 1, 12, and 15) and fifteen dependent claims.

13. The method claim of claim 1 of the `773 Patent comprises detecting symbology associated with an object, decoding the symbology to obtain a decode string, sending the decode string to at least one visual detection application residing on a portable electronic device, receiving a first amount of information about the object, sending the decode string to a remote server, receiving a second amount of information about the object, combining the first and second amounts of information to obtain cumulative information, and displaying the cumulative information on a display device that is associated with the portable electronic device.

### `752 Patent

14. On April 23, 2013, the USPTO duly and legally issued the `752 Patent, entitled "System and Method for Presenting Information About an Object on a Portable Electronic Device" after the USPTO completed a full and fair examination.

15. Symbology Innovations is currently the owner of the `752 Patent, having received all right, title and interest in, and to, the `752 Patent from the previous assignee of record.

16. Symbology Innovations possesses all rights of recovery under the `752 Patent, including the exclusive right to recover for past, present and future infringement.

17. The `752 Patent contains twenty-eight claims including three independent claims (claims 1, 17, and 24) and twenty-five dependent claims.

18. The method claim of claim 1 of the `752 Patent comprises capturing a digital image, detecting symbology associated with an object within the digital image, decoding the symbology to obtain a decode string, sending the decode string to a remote server, receiving information about the object based on the decode string, and displaying the information on a display device that is associated with the portable electronic device.

### `369 Patent

19. On February 18, 2014, the USPTO duly and legally issued the `369 Patent, entitled "System and Method for Presenting Information About an Object on a Portable Device" after the USPTO completed a full and fair examination.

20. Symbology Innovations is currently the owner of the `369 Patent, having received all right, title and interest in, and to, the `369 Patent from the previous assignee of record.

21. Symbology Innovations possesses all rights of recovery under the `369 Patent, including the exclusive right to recover for past, present and future infringement.

22. The `369 Patent contains twenty-eight claims including three independent claims (claims 1, 17, and 24) and twenty-five dependent claims.

23. The method claim of claim 1 of the `369 Patent comprises capturing a digital image, detecting symbology associated with the digital image using a portable electronic device, decoding the symbology to obtain a decode string, sending the decode string to a remote server, receiving information about the digital image based on the decode string, and displaying the information on a display device that is associated with the portable electronic device.

### `190 Patent

24. On January 20, 2015, the USPTO duly and legally issued the `190 Patent, entitled "System and Method for Presenting Information About an Object on a Portable Electronic Device" after the USPTO completed a full and fair examination.

25. Symbology Innovations is currently the owner of the `190 Patent, having received all right, title and interest in, and to, the `190 Patent from the previous assignee of record.

26. Symbology Innovations possesses all rights of recovery under the `190 Patent, including the exclusive right to recover for past, present and future infringement.

27. The `190 Patent contains twenty claims including three independent claims (claims 1, 17, and 20) and seventeen dependent claims.

28. The method of claim 1 of the `190 Patent comprises capturing a digital image, detecting symbology associated with the digital image using an electronic device, decoding the symbology to obtain a decode string, sending the decode string to a remote server, receiving information about the digital image based on the decode string, and displaying the information on a display device that is associated with the electronic device.

## COUNT ONE
## (Infringement of United States Patent No. 7,992,773)

29. Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 28, the same as if set forth herein.

30. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

31. Defendant has knowledge of its infringement of the `773 Patent, at least as of the service of the present complaint.

32. On information and belief, Defendant has infringed and continues to infringe one or more claims of the `773 Patent, including (at least) Claims 1, 2, 3, 4, 6, 7, 8, 10, 11, 14, 15, 17, and 18 by using and/or incorporating Quick Response Codes ("QR codes") on printed media (*e.g.,* advertisements, packaging) associated with selected products (*e.g.,* Continental Tires) in a

manner covered by one or more claims of the `773 Patent. Plaintiff reserves the right to amend the asserted claims for the `773 Patent during discovery.

33. Accordingly, Defendant has infringed, and continues to infringe, the `773 Patent in violation of 35 U.S.C. § 271.

34. On information and belief, Defendant has, at least through internal testing, used or incorporated QR codes in advertisements and packaging.

35. One specific example of Defendant's activity involves the use of QR codes in printed packaging and advertisements and sales of Defendant's Tires.

36. For example, on information and belief, Defendant has at least internally tested the functionality of its QR codes in connection with the printed packaging and advertisements of Defendant's Tires.

37. On information and belief, Defendant has captured a digital image of a QR code associated with such Tires, an example of which is shown below:



38. On information and belief, Defendant allows consumers to scan QR codes imprinted on packaging and advertisements of Defendant's products such as Defendant's Tires and other products sold to consumers.

39. A comparison between Claim 1 of the `773 Patent and Defendant's advertisements for tires is provided in Exhibit E and on information and belief explains Symbology Innovations' infringement theory in sufficient detail to demonstrate a plausible entitlement to relief. Plaintiff reserves the right to amend this claim chart based on any additional information obtained. Similar comparisons have been made between the other asserted claims of the `773 Patent and Defendant's advertisements for tires.

40. On information and belief, Defendant has induced, and continues to induce infringement of the `773 Patent through its customers' actions, at least as of the service of the present complaint.

41. The `773 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

42. By engaging in the conduct described herein, Defendant has injured Symbology Innovations and is thus liable for infringement of the `773 Patent, pursuant to 35 U.S.C. § 271.

43. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the `773 Patent, without license or authorization.

44. As a result of Defendant's infringement of the `773 Patent, Symbology Innovations has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

45. Plaintiff is in compliance with 35 U.S.C. § 287.

46. As such, Symbology Innovations is entitled to compensation for any continuing and/or future infringement of the `773 Patent up until the date that Defendant ceases its infringing activities.

## COUNT TWO
## (Infringement of United States Patent No. 8,424,752)

47. Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 46, the same as if set forth herein.

48. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq.*

49. Defendant has knowledge of its infringement of the `752 Patent, at least as of the service of the present complaint.

50. On information and belief, Defendant has infringed and continues to infringe one or more claims of the `752 Patent, including (at least) Claims 1, 2, 3, 4, 5, 7, 8, 9, 11, 12, 15, 17, 18, 23, 24, and 25 by using and/or incorporating Quick Response Codes ("QR codes") on printed media (*e.g.,* advertisements, packaging) associated with selected products (*e.g.,* Continental Tires) in a manner covered by one or more claims of the `752 Patent.  Plaintiff reserves the right to amend the asserted claims for the `752 Patent during discovery.

51. Accordingly, Defendant has infringed, and continues to infringe, the `752 Patent in violation of 35 U.S.C. § 271.

52. On information and belief, Defendant has, at least through internal testing, used or incorporated QR codes in advertisements and packaging.

53. One specific example of Defendant's activity involves the use of QR codes in printed packaging and advertisements and sales of Defendant's Tires.

54. For example, on information and belief, Defendant has at least internally tested the functionality of its QR codes in connection with the printed packaging and advertisements of Defendant's Tires.

55. On information and belief, Defendant has captured a digital image of a QR code associated with such Tires, an example of which is shown below:



56. On information and belief, Defendant allows consumers to scan QR codes imprinted on Defendant's products or advertisements such as Defendant's Tires and other products sold to consumers.

57. A comparison between Claim 1 of the `752 Patent and Defendant's advertisements for tires is provided in Exhibit F and on information and belief explains Symbology Innovations' infringement theory in sufficient detail to demonstrate a plausible entitlement to relief. Plaintiff reserves the right to amend this claim chart based on any additional information obtained. Similar comparisons have been made between the other asserted claims of the `752 Patent and Defendant's advertisements for tires.

58. On information and belief, Defendant has induced, and continues to induce infringement of the `752 Patent through its customers' actions, at least as of the service of the present complaint.

59. The `752 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

60. By engaging in the conduct described herein, Defendant has injured Symbology Innovations and is thus liable for infringement of the `752 Patent, pursuant to 35 U.S.C. § 271.

61. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the `752 Patent, without license or authorization.

62. As a result of Defendant's infringement of the `752 Patent, Symbology Innovations has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

63. Plaintiff is in compliance with 35 U.S.C. § 287.

64. As such, Symbology Innovations is entitled to compensation for any continuing and/or future infringement up until the date that Defendant ceases its infringing activities.

## COUNT THREE
### (Infringement of United States Patent No. 8,936,369)

65. Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 64, the same as if set forth herein.

66. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

67. Defendant has knowledge of its infringement of the `369 Patent, at least as of the service of the present complaint.

68. On information and belief, Defendant has infringed and continues to infringe one or more claims of the `369 Patent, including (at least) Claims 1, 2, 3, 4, 5, 7, 8, 11, 15, 17, 18, 23, 24, and 25 by using and/or incorporating Quick Response Codes ("QR codes") on printed media (*e.g.,* advertisements, packaging) associated with selected products (*e.g.,* Continental Tires) in a manner covered by one or more claims of the `369 Patent. Plaintiff reserves the right to amend the asserted claims for the `369 Patent during discovery.

69. Accordingly, Defendant has infringed, and continues to infringe, the `369 Patent in violation of 35 U.S.C. § 271.

70. On information and belief, Defendant has, at least through internal testing, used or incorporated QR codes in advertisements and packaging.

71. One specific example of Defendant's activity involves the use of QR codes in printed packaging and advertisements and sales of Defendant's Tires.

72. For example, on information and belief, Defendant has at least internally tested the functionality of its QR codes in connection with the printed packaging and advertisements of Defendant's Tires.

73. On information and belief, Defendant has captured a digital image of a QR code associated with such Tires, an example of which is shown below:



74. On information and belief, Defendant allows consumers to scan QR codes imprinted on Defendant's products and advertisements such as Defendant's Tires and other products sold to consumers.

75. A comparison between Claim 1 of the `369 Patent and Defendant's advertisements for tires is provided in Exhibit G and on information and belief explains Symbology Innovations' infringement theory in sufficient detail to demonstrate a plausible entitlement to relief. Plaintiff reserves the right to amend this claim chart based on any additional information obtained. Similar comparisons have been made between the other asserted claims of the `369 Patent and Defendant's advertisements for tires.

76. On information and belief, Defendant has induced, and continues to induce infringement of the `369 Patent through its customers' actions, at least as of the service of the present complaint.

77. The `369 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

78. By engaging in the conduct described herein, Defendant has injured Symbology Innovations and is thus liable for infringement of the `369 Patent, pursuant to 35 U.S.C. § 271.

79. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the `369 Patent, without license or authorization.

80. As a result of Defendant's infringement of the `369 Patent, Symbology Innovations has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

81. Plaintiff is in compliance with 35 U.S.C. § 287.

82. As such, Symbology Innovations is entitled to compensation for any continuing and/or future infringement up until the date that Defendant ceases its infringing activities.

## COUNT FOUR
### (Infringement of United States Patent No. 8,936,190)

83. Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 82, the same as if set forth herein.

84. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

85. Defendant has knowledge of its infringement of the `190 Patent, at least as of the service of the present complaint.

86. On information and belief, Defendant has infringed and continues to infringe one or more claims of the `190 Patent, including (at least) Claims 1, 2, 3, 4, 5, 7, 8, 11, 15, 17, 18, and 20 by using and/or incorporating Quick Response Codes ("QR codes") on printed media (*e.g.*, advertisements, packaging) associated with selected products (*e.g.*, Continental Tires) in a manner covered by one or more claims of the `190 Patent. Plaintiff reserves the right to amend the asserted claims for the `190 Patent during discovery.

87. Accordingly, Defendant has infringed, and continues to infringe, the `190 Patent in violation of 35 U.S.C. § 271.

88. On information and belief, Defendant has, at least through internal testing, used or incorporated QR codes in advertisements and packaging.

89. One specific example of Defendant's activity involves the use of QR codes in printed packaging and advertisements and sales of Defendant's Tires.

90. For example, on information and belief, Defendant has at least internally tested the functionality of its QR codes in connection with the printed packaging and advertisements of Defendant's Tires.

91. On information and belief, Defendant has captured a digital image of a QR code associated with such Tires, an example of which is shown below:



92. On information and belief, Defendant allows consumers to scan QR codes imprinted on Defendant's products and advertisements such as Defendant's Tires and other products sold to consumers.

93. A comparison between Claim 1 of the `190 Patent and Defendant's advertisements for tires is provided in Exhibit H and on information and belief explains Symbology Innovations' infringement theory in sufficient detail to demonstrate a plausible entitlement to relief. Plaintiff reserves the right to amend this claim chart based on any additional information obtained. Similar comparisons have been made between the other asserted claims of the `190 Patent and Defendant's advertisements for tires.

94. On information and belief, Defendant has induced, and continues to induce infringement of the `190 Patent through its customers' actions, at least as of the service of the present complaint.

95. The `190 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

96. By engaging in the conduct described herein, Defendant has injured Symbology Innovations and is thus liable for infringement of the `190 Patent, pursuant to 35 U.S.C. § 271.

97. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the `190 Patent, without license or authorization.

98. As a result of Defendant's infringement of the `190 Patent, Symbology Innovations has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

99. Plaintiff is in compliance with 35 U.S.C. § 287.

100. As such, Symbology Innovations is entitled to compensation for any continuing and/or future infringement up until the date that Defendant ceases its infringing activities.

## DEMAND FOR JURY TRIAL

101. Symbology Innovations, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Symbology Innovations respectfully requests that this Court provide it the following relief:

    A.    ENTER judgment for Symbology Innovations on this Complaint on all causes of action asserted herein;

    B.    ENTER judgment for Plaintiff that Defendant's infringement is willful;

    C.    AWARD Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

    D.    AWARD Plaintiff its reasonable attorney fees incurred in this matter; and

    E.    AWARD Plaintiff pre-judgement and post-judgment interests and costs; and

F.  AWARD Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

DATED January 2, 2017.

Respectfully submitted,

By: /s/ Steven War
Steven War (VSB # 45048)

**McNeely, Hare & War LLP**
5335 Wisconsin Ave, NW, Suite 440
Washington, DC 20015
Tel: (202) 536-5877
Fax: (202) 478-1813
e-mail: steve@miplaw.com

*ATTORNEY FOR PLAINTIFF Symbology Innovations*

## **VERIFICATION**

I, Leigh Rothschild, declare under penalty of perjury that that I have read the foregoing Complaint, and that the information stated therein as factual is true and correct, and those factual matters which are stated upon information and belief are believed to be true and correct.

Executed on: December 29, 2016

Leigh Rothschild

Managing Director Symbology Innovations, LLC